# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|     Plaintiff, | Case No. 2:11-cr-00434-LDG (PAL) |
| v. | **ORDER** |
| EVGHENII RUSSU, | |
|     Defendant. | |

The defendant, Evghenii Russu, appeals the Magistrate Judge's Detention Order pursuant to 18 U.S.C. §3145(b).[1] (Doc. #163). The government opposes the motion. (Doc. #167). The defendant has also filed a supplement to his appeal, (Doc. #167), and further requested a hearing (#Doc. 200). The Court will deny the appeal and the request for a hearing.

The only new evidence proffered by defendant is his assertion that, subsequent to his detention hearing, he has secured employment as a delivery person, to be paid the sum of $250 per week. The defendant argues, in his supplement, that the government erroneously asserted, at the initial detention hearing, that he is not legally in the United

---

[1] Pursuant to Local Rule IB 3-5, motions brought pursuant to §3145(b) are to be entitled "Appeal from Magistrate Judge's Detention Order."

States and that an immigration detainer has been lodged against him.  The argument is erroneous as the government's statements upon which the defendant relies were directed against a co-defendant.  While the defendant asserts (in his supplement) that he is not an alien to this country, he concedes in his memorandum in support of his motion that, as established at the detention hearing, he is a citizen of Moldova and is not a citizen of the United States.

The defendant also incorrectly argues in his supplement that, at the detention hearing, the government asserted that the defendant could not work legally in the United States.  The defendant again relies upon a statement directed against his co-defendant.  The government did not represent that the defendant could not lawfully work in the United States, but represented only that the defendant's assertions that he was employed could not be verified.  The defendant has not offered any evidence verifying his employment prior to his arrest.

In his reply, the defendant responds to the government's opposition argument that the defendant's proposal to stay at the house of Constantine Savva, rather than with his wife, is further evidence that his marriage is a sham.  The defendant asserts that he does not wish to reside with his wife because she has found a boyfriend and is guilty of infidelity.  A review of the transcript of the prior hearing before the Magistrate Judge indicates that the government proffered that the FBI had conducted several interviews with defendant's putative wife.  At an initial interview, she was nine months pregnant by another man, though she maintained the marriage was legitimate.  In a subsequent interview, she conceded that the marriage was fraudulent and that she had been paid $10,000 to marry the defendant.  The defendant's argument that the government's position--that the marriage is a sham--is not based on fact is contrary to the government's proffer that rests upon admissions of the defendant's putative wife to the FBI.

At the initial detention hearing, the defendant proposed that he could reside with Savva as a third-party custodian. The Magistrate Judge continued the hearing until the following day to permit Pre-Trial Services to conduct an investigation whether Savva would be appropriate as a third-party custodian. As indicated in the transcript from the continued hearing, Savva was rejected as a third-party custodian after investigation by Pre-Trial. The defendant has not offered any evidence or argument indicating that the investigation by Pre-Trial or the Magistrate Judge's conclusion that Savva was not an appropriate third-party custodian was erroneous.

Accordingly,

THE COURT **ORDERS** that Defendant's Appeal from Magistrate Judge's Detention Order (#163) is DENIED.

THE COURT FURTHER **ORDERS** that Defendant's Request for Hearing (#200) is DENIED.

DATED this ____ day of June, 2012.

_____
Lloyd D. George
United States District Judge